## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>ROBERT J. PREBLE & SONS, INC.,<br>d/b/a PREBLE FISH COMPANY,<br><br>Debtor. | Chapter 7<br>Case No. 05-20111 JBH |
| In re:<br><br>PREBLE PROPERTIES, LLC,<br><br>Debtor. | Chapter 7<br>Case No. 05-20112<br><br>(Jointly Administered) |
| JOHN C. TURNER, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>COZY HARBOR SEAFOOD, INC.,<br><br>Defendant. | Adv. Proc. No. 06-020__ |

### COMPLAINT OF CHAPTER 7 TRUSTEE TO AVOID PREFERENTIAL TRANSFERS AND RECOVER PAYMENTS AND/OR PROPERTY PURSUANT TO 11 U.S.C. §§ 547 AND 550

NOW COMES Plaintiff, John C. Turner, the duly appointed, qualified, and acting Chapter 7 trustee of the estate of the above-named Debtors ("Plaintiff" or the "Trustee"), by and through his counsel undersigned, and files this Complaint (the "Complaint") against Defendant, Cozy Harbor Seafood, Inc. ("Defendant"), pursuant to 11 U.S.C. §§ 105, 541, 547, 550, 551, 558, and 704 and under the provisions of Federal Rules of Bankruptcy Procedure 7001, *et seq.* Pursuant to his powers under 11 U.S.C. §§ 105, 541, 547, 550, 551, 558, and 704, the Trustee seeks to avoid and recover certain preferential payments made from Robert J. Preble & Sons, Inc., d/b/a Preble Fish Company ("Debtor"), to Defendant.

## JURISDICTION AND VENUE

1. This Adversary Proceeding is brought pursuant to 11 U.S.C. §§ 105, 541, 547, 550, 551, 558, and 704 of the United States Bankruptcy Code (the "Code") and Federal Rules of Bankruptcy Procedure 7001, *et seq.*

2. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (F), for which this Court is authorized to hear and determine all matters regarding this bankruptcy case.

3. Venue is proper in the District of Maine pursuant to 28 U.S.C. § 1409.

## THE PARTIES

4. Pursuant to § 701 of the Code, the Trustee is the duly appointed, qualified, and acting Chapter 7 trustee in these cases.

5. Defendant is a creditor of the estate and, upon information and belief, has its principal place of business at 35 Union Wharf, Portland, Maine 04112.

## ALLEGATIONS AND FACTUAL BACKGROUND

6. On January 26, 2005 (the "Petition Date"), Debtor and Preble Properties, LLC (together, "Debtors") filed individual voluntary petitions under Chapter 11 of the United States Bankruptcy Code (the "Code"). By Order dated March 7, 2005, this Court ordered that Debtors' jointly administered Chapter 11 cases be converted to cases under Chapter 7 of the Code.

7. Within ninety (90) days before the Petition Date (the "Preference Period"), Debtor made to Defendant each of the payments enumerated in Exhibit A attached hereto (collectively, the "Payments"), which total $53,242.50. Also attached hereto as Exhibit A are true copies of the checks issued by Debtor to Defendant representing each of the Payments.

8. For preference purposes, the effective date of each transfer is the date when each transfer is perfected or takes effect and, in the case of a check or wire transfer, the date each check or wire transfer is honored by the drawee bank.

9. During the Preference Period, Debtor made one or more transfers of an interest of Debtor in property to Defendant.

10. Each of the Payments constituted a transfer of an interest of Debtor in property.

11. Each of the Payments was made to and for the benefit of Defendant.

12. Each of the Payments was made for or on account of an antecedent debt owed by Debtor to Defendant before each such Payment was made.

13. Upon information and belief, each of the Payments was made, or the check associated with each of the Payments was honored, within the Preference Period.

14. Each of the Payments was made while Debtor was insolvent; Debtor was insolvent during the Preference Period.

15. Each of the Payments enabled Defendant to receive more than Defendant would have received if: Debtor's case were a case under Chapter 7 of the Code; each of the Payments had not been made; and Defendant received payment on account of the antecedent debt owed by Debtor to Defendant to the extent provided by the provisions of the Code.

16. Defendant was the initial transferee of each of the Payments and the entity for whose benefit each of the Payments was made.

17. Each of the Payments constitutes a preferential transfer of property during the Preference Period within the meaning of § 547(b) of the Code.

18. Each of the Payments is voidable as a preference by the Trustee, the value of each of the Payments is automatically preserved for the benefit of the estate, and the Trustee may recover from Defendant, for the benefit of the estate, the property transferred or the value of such property regarding each of the Payments.

19. By letter dated May 23, 2005, sent to Defendant by both certified and First Class U.S. mail, a true copy of which is attached hereto as Exhibit B, the Trustee, through counsel, made demand on Defendant that Defendant return and repay the amount of the Payments to the estate by June 6, 2005.

20. Thereafter, the parties unsuccessfully engaged in negotiations in an effort to resolve this matter.

21. Despite Defendant's receipt of said letter on May 25, 2005, as evidenced by the true copy of the Domestic Return Receipt attached hereto as Exhibit C, Defendant has, to date, failed and/or refused to return and repay the amount of the Payments to the estate.

WHEREFORE, Plaintiff, John C. Turner, Chapter 7 Trustee, respectfully requests that the Court enter a judgment against Defendant:

a. avoiding each of the Payments to Defendant enumerated on Exhibit A;

b. awarding to Plaintiff judgment against Defendant determining that the value of each of the Payments to Defendant enumerated on Exhibit A is recoverable from Defendant by the Trustee under 11 U.S.C. §§ 550 and 551;

c. awarding to Plaintiff judgment against Defendant in the total sum enumerated on Exhibit A, together with interest thereon as provided by law from and after May 23, 2005, until the entry of judgment, and post-judgment interest at the legal rate;

d. awarding to Plaintiff its costs and expenses incurred in prosecuting this Adversary Proceeding; and

e.     granting Plaintiff such other and further legal, equitable or declaratory relief as is just, equitable, and proper.

Dated at Portland, Maine this 11th day of January, 2006.

/s/ Fred W. Bopp III, Esq.
Fred W. Bopp III, Esq.
Jennifer H. Pincus, Esq.
Attorneys for Plaintiff, John C. Turner,
Chapter 7 Trustee of the estates of Debtors,
Robert J. Preble & Sons, Inc., d/b/a Preble Fish
Company, and Preble Properties, LLC

Perkins, Thompson, Hinckley & Keddy, P.A.
One Canal Plaza, PO Box 426
Portland, ME  04112-0426
(207) 774-2635

**Exhibit A**

| Check No. | Check Date | Clear Date | Amount |
|---|---|---|---|
| 3763 | 10/27/2004 | 11/2/2004 | $ 7,950.00 |
| 3816 | 11/2/2004 | 11/8/2004 | $29,687.50 |
| 3884 | 11/10/2004 | 11/16/2004 | $ 1,500.00 |
| 3939 | 11/7/2004 | 11/23/2004 | $ 4,542.50 |
| 3979 | 11/24/2004 | 11/30/2004 | $ 3,375.00 |
| 4030 | 12/2/2004 | 12/7/2004 | $ 3,750.00 |
| 4078 | 12/13/2004 | 12/15/2004 | $ 2,437.50 |
| Total: | | | $53,242.50 |



EXHIBIT B

# PERKINS, THOMPSON, HINCKLEY & KEDDY

A PROFESSIONAL CORPORATION

ATTORNEYS AND COUNSELORS AT LAW

www.perkinsthompson.com

DOUGLAS S. CARR
ANDREW A. CADOT
PHILIP C. HUNT
JOHN S. UPTON
PEGGY L. McGEHEE
MELISSA HANLEY MURPHY
JOHN H. RICH III
JOHN A. CIRALDO
JOHN A. HOBSON
TIMOTHY P. BENOIT
J. GORDON SCANNELL, JR.
FRED W. BOPP III
MARK P. SNOW
WILLIAM J. SHEILS
DAVID B. McCONNELL

PAUL D. PIETROPAOLI
AARON D. JULIEN
RANDY J. CRESWELL
JENNIFER H. PINCUS
MAUREEN M. BUCKLEY
DAWN M. HARMON
KATHERINE A. JOYCE

OF COUNSEL
THOMAS SCHULTEN
OWEN W. WELLS
JULIANNE C. RAY
HOPE CREAL JACOBSEN

ONE CANAL PLAZA
P.O. BOX 426
PORTLAND, ME 04112
PHONE (207) 774-2635
FAX (207) 871-8026

May 23, 2005

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Cozy Harbor Seafood, Inc.
c/o Bradford R. Bowman, Esq.
Thompson Bull Furey Bass & MacColl
120 Exchange Street
Portland, ME 04101

Re:   Robert J. Preble & Sons, Inc., d/b/a Preble Fish Co., Ch. 7, Case No. 05-20111
        Preble Properties, LLC, Ch. 7, Case No. 05-20112 JBH (Jointly Administered)

Dear Atty. Bowman:

We are writing to you in our capacity as counsel to John C. Turner, the Chapter 7 Trustee (the "Trustee") in the above jointly administered bankruptcy cases, which are pending in the United States Bankruptcy Court for the District of Maine (the "Bankruptcy Court"). Please be advised that, on January 26, 2005 (the "Filing Date"), Robert J. Preble & Sons, Inc., d/b/a Preble Fish Co. ("Preble Fish"), and Preble Properties, LLC (together, the "Debtors") each filed a voluntary bankruptcy petition with the Bankruptcy Court under Chapter 11 of the United States Bankruptcy Code (the "Code"). By Order dated March 7, 2005, the Bankruptcy Court ordered that the Debtors' Chapter 11 cases be converted to cases under Chapter 7 of the Code, and the Trustee is now the duly-appointed, acting, and qualified trustee in these cases, pursuant to § 701 of the Code. On March 31, 2005, the Bankruptcy Court issued its Order approving the Trustee's Application to Employ this Firm, a copy of which Order is enclosed, and which Order authorizes this Firm to represent the interests of the Trustee in these bankruptcy cases.

The Trustee has obtained bank account and other payment records from the Debtors, which indicate that Cozy Harbor Seafood ("Cozy Harbor") received the following payments from Preble Fish within ninety (90) days of the Filing Date (copies of the subject checks are enclosed):

Cozy Harbor Seafood, Inc.
May 23, 2005
Page 2

| Check No. | Check Date | Clear Date | Amount |
|---|---|---|---|
| 3763 | 10/27/2004 | 11/2/2004 | $ 7,950.00 |
| 3816 | 11/2/2004 | 11/8/2004 | $29,687.50 |
| 3884 | 11/10/2004 | 11/16/2004 | $ 1,500.00 |
| 3939 | 11/7/2004 | 11/23/2004 | $ 4,542.50 |
| 3979 | 11/24/2004 | 11/30/2004 | $ 3,375.00 |
| 4030 | 12/2/2004 | 12/7/2004 | $ 3,750.00 |
| 4078 | 12/13/2004 | 12/15/2004 | $ 2,437.50 |
| Total: | | | $53,242.50 |

Section 547 of the Code provides that, in certain circumstances, a Chapter 7 bankruptcy trustee is able to recover payments made by a debtor to a creditor on or within 90 days before the date of the filing of the debtor's bankruptcy petition, if the payment is made for or on account of an antecedent debt owed by the debtor to the creditor. The above payment(s) appear(s) to fall into this category. Accordingly, demand is hereby made on behalf of the Trustee for the sum of $53,242.50.

Cozy Harbor's certified or bank check, made payable to John C. Turner, Chapter 7 Trustee, should be mailed directly to the Trustee at the following address: John C. Turner, Chapter 7 Trustee, J.C. Turner & Associates, Inc., PO Box 1897, Auburn, ME 04211-1897. If payment is not received by the Trustee by June 6, 2005, the Trustee may pursue this claim by filing an Adversary Proceeding Complaint against Cozy Harbor in the Bankruptcy Court. Please be advised that § 704(1) of the Code directs the Trustee to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." If the Trustee files an Adversary Proceeding Complaint, he will seek the amount demanded above, plus all allowable pre- and post-judgment interest and costs.

Please do not hesitate to contact us directly with any questions.

Very truly yours,

Fred W. Bopp III

FWB/mga
Enclosures

cc:   Copy sent to addressee via First Class U.S. mail
      John C. Turner (w/o encls.)





Paid 11/8/2004 Check #3816 $29,687.50

Preble Fish Company
43 OLD ALEWIVE ROAD
KENNEBUNK, MAINE 04043

KENNEBUNK SAVINGS BANK
KENNEBUNK, ME

52-7450/2112

3816

PAY TO THE ORDER OF

COSY HARBOR SEAFOOD
PO BOX 389
PORTLAND, ME — 04112

***Twenty nine thousand six hundred eighty seven & 50/100 Dollars

DATE  11/02/04

AMOUNT  $ ***29,687.50

⑈003816⑈  ⑆211274500⑆  66 473900⑈  ⑈000 2968750⑈





Paid 11/23/2004 Check #3939 $4,542.50

Preble Fish Company
43 OLD ALEWIVE ROAD
KENNEBUNK, MAINE 04043

3939

KENNEBUNK SAVINGS BANK
KENNEBUNK, ME
52-7450/2112

PAY TO THE ORDER OF

COZY HARBOR SEAFOOD
PO BOX 389
PORTLAND, ME 04112

****Four thousand five hundred forty two & 50/100 Dollars

DATE 11/17/04

AMOUNT $ ****4542.50

Paid 11/30/2004 Check #3979 $3,375.00

**Preble Fish Company**
43 OLD ALEWIVE ROAD
KENNEBUNK, MAINE 04043

3979

KENNEBUNK SAVINGS BANK
KENNEBUNK, ME
52-7450/2112

PAY TO THE ORDER OF

Three thousand three hundred seventy five & 00/100 Dollars

CORY HARBOR SEAFOOD
PO BOX 389
PORTLAND, ME 04112

DATE 12/24/04

AMOUNT $****3375.00

⑁ Security features. Details on back

⑈003979⑈ ⑉211274502⑉ 66 473900⑈    ⑈000033?500⑉



Paid 12/7/2004 Check #4030 $3,750.00



Paid 12/15/2004 Check #4078 $2,437.50

Preble Fish Company
43 OLD ALEWIVE ROAD
KENNEBUNK, MAINE 04043

KENNEBUNK SAVINGS BANK
KENNEBUNK, ME
52-7450/2112

4078

PAY TO THE ORDER OF **Two thousand four hundred thirty seven & 50/100 Dollars

COZY HARBOR SEAFOOD
PO BOX 385
PORTLAND, ME 04112

DATE 12/13/04

AMOUNT $**2437.50

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

| | |
|---|---|
| In re: )<br>)<br>ROBERT J. PREBLE & SONS, INC., )<br>d/b/a PREBLE FISH COMPANY, )<br>)<br>Debtor. )<br>_____ ) | Chapter 7<br>Case No. 05-20111 JBH |
| )<br>In re: )<br>)<br>PREBLE PROPERTIES, LLC, )<br>)<br>Debtor. ) | Chapter 7<br>Case No. 05-20112<br><br>(Jointly Administered) |

## ORDER APPROVING CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY COUNSEL UNDER GENERAL RETAINER

Upon consideration of the Chapter 7 Trustee's Application to Employ Counsel Under General Retainer, dated March 25, 2005, and filed by John C. Turner, in his capacity as Chapter 7 Trustee (the "Trustee"), seeking the approval of his employment of Fred W. Bopp III, Esq., Randy J. Creswell, Esq., and the law firm of Perkins, Thompson, Hinckley & Keddy, P.A. (collectively, "Counsel") as counsel for the Trustee for the purposes stated in the Application, effective as of March 23, 2005, and after due and appropriate prior notice of the Application to all interested parties, and a hearing thereon before me held on March 30, 2005 (the "Hearing"), and it appearing to the Court that Counsel is duly admitted to practice in this Court, and the Court being satisfied that Counsel represents no interest adverse to the estates in the matters upon which Counsel is to be employed, that Counsel is disinterested within the meaning of §§ 327(a) and 101(14) of the United States Bankruptcy Code, and that the employment of Counsel by the Trustee is in the best interests of these jointly-administered Chapter 7 estates and their respective creditors, it is therefore hereby

## ORDERED, ADJUDGED, AND DECREED

that the Application be, and hereby is, ALLOWED and APPROVED in all respects, and that the employment by the Trustee of Counsel as prayed for in the Application is allowed and approved, effective as of March 23, 2005, upon the terms and conditions as detailed in the Application, subject to further order of this Court as to the approval and payment by the estate of compensation to and reimbursement of expenses incurred by Counsel, and subject to the terms and conditions outlined on the record at the Hearing, including that, if any adverse interests arise between the Trustee and the Chapter 7 estates, on the one hand, and Vincent A. Clough ("Mr. Clough"), on the other, Counsel has agreed not to represent the Trustee or the estates adverse to Mr. Clough, or to represent Mr. Clough adverse to the Trustee or the estates. In the event of such an instance, both the Trustee and Mr. Clough would be required to retain other, separate counsel, the Court finding, based upon the representations of Counsel at the Hearing, that, after appropriate disclosure by Counsel to both the Trustee and to Mr. Clough, both the Trustee and Mr. Clough have consented to these terms and conditions.

Dated: March 31, 2005

/s/ James B. Haines, Jr.
James B. Haines, Jr., Judge
United States Bankruptcy Court

## U.S. Postal Service
### CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

5/24

Sent To: Cozy Harbor Seafood
Street, Apt. No.; or PO Box No.: c/o Bradford Bowman
City, State, ZIP+4: 120 Exchange St, Portland, ME 04101

Article Number: 7004 2890 0003 0917 1467

PS Form 3800, June 2002

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Cozy Harbor Seafood, Inc.
c/o Bradford R. Bowman, Esq.
Thompson Bull Furey Bass & MacColl
120 Exchange Street
Portland, ME 04101

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: X _Lisa Lathrop_  ☐ Agent ☐ Addressee
B. Received by (Printed Name)
C. Date of Delivery: 5-25-05
D. Is delivery address different from item 1? ☐ Yes ☐ No
  If YES, enter delivery address below:

3. Service Type
  ☐ Certified Mail  ☐ Express Mail
  ☐ Registered  ☐ Return Receipt for Merchandise
  ☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label): 7004 2890 0003 0917 1467

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



EXHIBIT C